JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-6719 PA (MBKx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | Paul Bok Kim v. Nissan North America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Phyllis Preston |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicholas Nita (video) | Casey Douglas (video) |

**Proceedings:** STATUS CONFERENCE via ZOOM

Defendant Nissan North America, Inc. ("Defendant") filed a Notice of Removal on July 17, 2025. Defendant alleges that this Court possesses diversity jurisdiction over this action filed by plaintiff Paul Bok Kim ("Plaintiff") pursuant to 28 U.S.C. § 1332(a). Plaintiff filed a Motion to Remand on August 15, 2025 (Docket No. 11). On August 19, 2025, the Court held a video conference hearing to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court concludes that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6719 PA (MBKx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | Paul Bok Kim v. Nissan North America, Inc. | | |

it has its principal place of business.  See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

     In the Notice of Removal, Defendant alleges that it "maintains that Plaintiff's Complaint is ambiguous as to the . . . Plaintiff's state of citizenship . . . ."  (Notice of Removal at 3:2-3.). The Notice of Removal then alleges:  "Plaintiff is a resident of California.  According to Plaintiff's Complaint, he is a resident of Orange County.  (See Compl. (Ex. A), ¶ 1).  Nissan's preliminary investigation also concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship."  (Notice of Removal at 3:20-24.)  As Nissan concedes, an allegation of where a party "resides" does not establish the domicile or citizenship of that party.  Indeed, because an individual is not necessarily domiciled where he or she resides, Defendant's allegation concerning the citizenship of Plaintiff, based only on an allegation of residence, is insufficient to plausibly allege Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  The Ninth Circuit is clear that residence is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode.  See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").[1]

     Defendant does not allege any well-pleaded facts concerning its "preliminary investigation."  Instead, like the Complaint's allegations of Plaintiff's residence, the Notice of Removal also alleges that "Plaintiff is a resident of California" and, on the basis of its "preliminary investigation," that Defendant similarly concluded that "Plaintiff resided in

---

[1]    As the Ninth Circuit has explained, "[i]t does not appear that this circuit has yet adopted th[e] presumption' that residence is prima facie evidence of domicile.  Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013).

JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL MINUTES - GENERAL

| Case No. | CV 25-6719 PA (MBKx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | Paul Bok Kim v. Nissan North America, Inc. | | |

California when he purchased the subject vehicle." As Defendant alleged, such allegations are "ambiguous" about a party's citizenship. If the Complaint's allegations are ambiguous, then the Notice of Removal's similar allegations are similarly ambiguous. Neither the Complaint nor the Notice of Removal contain well-pleaded facts as opposed to legal conclusions that constitute a plausible allegation of domicile as opposed to residence.

     During the Status Conference, Defendant argued that Adams v. West Marine Prods., 958 F.3d 1216, 1221 (9th Cir. 2020), provides support for its position that residence is "some" evidence of domicile. Defendant's reliance on Adams is misplaced, as it was removed under the Class Action Fairness Act, where there is no antiremoval presumption. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 134 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). In removal cases, by contrast, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g , 387 F.3d 966 (9th Cir. 2004). As a result, even if Defendant's allegations related to Plaintiff's residence are "some" evidence of Plaintiff's domicile, those allegations are still insufficient to satisfy Defendant's burden by a preponderance of the evidence that this Court possesses diversity jurisdiction over this action.

     At the status conference, Defendant's counsel was given an opportunity to supplement the allegations in the Notice of Removal concerning diversity jurisdiction. Defendant proffered no sufficient additional facts or argument in support of the Court's exercise of subject matter jurisdiction over this action. The Court waived Local Rule 6-1 barring oral motions and Plaintiff's counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. The Court granted Plaintiff's Motion to Remand. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Torrance Courthouse, Case No. 25TRCV00020, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Motion to Remand (Docket No. 11) is denied as moot.

     IT IS SO ORDERED.

|  | : | 8 |
|---|---|---|
| Initials of Preparer | | kss |